UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SAMANTHA INTERNATIONAL CORP. and
PETALON SHIPPING CO. LTD.,

    08 Civ. 6595 (DLC)

    Plaintiffs,

-against-

INTERNATIONAL OVERSEAS OIL INC.; BAKRI
TRADING CO. INC.; MARINA WORLD SHIPPING
CORP.; TARAZONA SHIPPING CO., S.A.; SCHIFF
HOLDING CO. S.A.; and GRESHAM WORLD
SHIPPING INC.,

    USDC SDNY
    DOCUMENT
    ELECTRONICALLY FILED
    DOC #:
    DATE FILED: 7/25/08

    Defendants.
------------------------------------------------------------------X

## EX PARTE ORDER FOR PROCESS
## OF MARITIME ATTACHMENT

**WHEREAS**, on July 24, 2008, Plaintiffs, SAMANTHA INTERNATIONAL CORP. and PETALON SHIPPING CO. LTD., filed a Verified Complaint herein for damages amounting to $232,270.70, inclusive of interest, costs and fees, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of Defendants' property within the District of this Court; and

**WHEREAS,** the Court has reviewed the Verified Complaint and the Supporting Affidavit with respect to Defendants INTERNATIONAL OVERSEAS OIL INC.; BAKRI TRADING CO. INC.; MARINA WORLD SHIPPING CORP.; TARAZONIA SHIPPING CO., S.A.; SCHIFF HOLDING CO. S.A.; and GRESHAM WORLD SHIPPING INC., and the

1

conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendants by any garnishees within this district, including but not limited to American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are believed to be due and owing to the Defendants in an amount up to and including $232,270.70 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Process of Attachment and Garnishment may be served by any employee, associate, or agent of Brown Gavalas & Fromm LLP over 18 years old who is not a party in the case; and it is further

**ORDERED** that the following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may [with consent of a garnishee] be made by way of facsimile transmission or electronic mail to that garnishee; and it is further

**ORDERED** that service on any garnishee [with consent of the garnishee] is deemed effective, continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the court, be entitled to a prompt hearing at which the Plaintiffs shall be required to show cause why the attachment and garnishment should

not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application from Plaintiffs without further Order of the Court; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: New York, New York
       July 25, 2008

                            SO ORDERED:

                            _____
                            U.S.D.J.